# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-5239 GAF (FMOx) | Date | July 5, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Corporation v. Julio Esquivel et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

Plaintiff Federal National Mortgage Corporation ("Fannie Mae") filed an unlawful detainer action against Julio Esquivel ("Defendant") in Los Angeles County Superior Court on January 7, 2011. (Docket No. 1, Not. of Removal, Ex. B [Compl.].) On June 23, 2011, Defendant removed this action to this Court on the purported basis of federal question jurisdiction. (Not. at 1–2.)

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). Thus, a court may remand a case sua sponte for lack of subject matter jurisdiction. Scofield v. Ball, No. 11-0378, 2011 WL 830104, at *1 (S.D. Cal. Mar. 4, 2011) (citing Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984)).

When a case is removed, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is proper only if the Court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-5239 GAF (FMOx) | Date | July 5, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Corporation v. Julio Esquivel et al | | |

Generally speaking, the two ways a party may bring a case within the jurisdiction of the federal courts are: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006). Neither basis for jurisdiction is present in this case. Removing Defendant also has not identified, and the Court does not perceive, any other basis for federal jurisdiction over this case.

### 1. *Federal Question*

Defendant contends that this action presents a federal question, and thus that federal-question jurisdiction exists pursuant to 28 U.S.C. § 1331. (Not. at 2.) The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented **on the face of the plaintiff's properly pleaded complaint.**" Caterpillar, 482 U.S. at 392 (emphasis added). A federal defense or counter-claim does not give rise to federal-question jurisdiction. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983). Fannie Mae's complaint states a single claim for unlawful detainer under California law. (Compl. at 1.) An unlawful detainer action does not arise under federal law. See Indymac Federal Bank, F.S.B. v. Ocampo, No. 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (finding no subject matter jurisdiction where complaint stated only an unlawful detainer claim). Defendant's Notice of Removal—which Defendant captioned a "Petition" for removal—asserts numerous claims, including federal claims, against Fannie Mae. Defendant's claims are counter-claims and thus do not give rise to federal question jurisdiction. See Franchise Tax Bd., 463 U.S. at 14. This case therefore does not present a federal question supporting this Court's subject matter jurisdiction.

### 2. *Diversity Jurisdiction*

The Court also lacks jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Federal courts have jurisdiction on the basis of diversity of citizenship where the matter is between citizens of different states and the amount in controversy exceeds $75,000, not including interest and costs. 28 U.S.C. § 1332(a). Even if Fannie Mae and Defendant are citizens of different states, the amount in controversy does not exceed $75,000. The face of the complaint states that the demand does not exceed $10,000. (Compl. at 1.)

Furthermore, it is likely that Defendant is a citizen of California, as it appears that he continues to occupy the subject property in La Puente, California (Compl. ¶ 2). See Marroquin v. Wells Fargo, LLC, No. 11-163, 2011 WL 476540, *1 (S.D. Cal. Feb. 3, 2011) ("[P]lace of

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-5239 GAF (FMOx) | Date | July 5, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Corporation v. Julio Esquivel et al | | |

residence is prima facie the domicile."). Diversity jurisdiction therefore does not exist under 28 U.S.C. § 1441(b), which permits removal based on diversity "only if none of the parties in interest are properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

For these reasons, the Court also lacks jurisdiction on the basis of diversity of citizenship.

### 3. *Jurisdiction Based on Fannie Mae's Participation in the Suit*

Certain federal agencies' charters provide that federal courts will have original jurisdiction over suits involving those agencies. See, e.g., 12 U.S.C. § 1452(f) ("[A]ll civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value."). Fannie Mae's charter, however, does not. Fannie Mae's charter authorizes it "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a(a). As discussed in Federal National Mortgage Association v. Sandoval, courts have split on whether this provision confers federal jurisdiction in cases involving Fannie Mae. Fed. Nat'l Mortg. Ass'n v. Sandoval, No. 11-0139, 2011 WL 976708, *2 (E.D. Cal. Mar. 16, 2011).

The Court is more persuaded by the cases holding that Fannie Mae's charter does not create federal jurisdiction in cases involving Fannie Mae. As those courts have reasoned, the phrase "of competent jurisdiction" means that the court must have an independent basis for jurisdiction, not that Fannie Mae's charter conveys jurisdiction on any court. See id. at *2–3. "'To conclude [otherwise] . . . would effectively eliminate the phrase 'of competent jurisdiction' from the charter.'" Id. at *2 (quoting Knuckles v. RBMG, Inc., 481 F. Supp. 2d 559, 563 (S.D. W. Va. 2007)). Thus, Fannie Mae's presence in this suit does not create a basis for federal jurisdiction.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction in this case. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**